```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
```
_____

ROBERT D. LOARD,                  ) ORDER DENYING MOTIONS, &
                                  ) MEMORANDUM DECISION
        Plaintiff,                )
                                  ) Case No. 2:11-CV-596 CW
    v.                            )
                                  ) District Judge Clark Waddoups
D. SORENSON et al.,               )
                                  )
        Defendants.               )
_____

Plaintiff, Robert D. Loard, filed a *pro se* prisoner civil rights complaint.[1] In an order filed October 29, 2012, the Court ordered Plaintiff to within thirty days reply to Defendants' summary-judgment motion. Plaintiff did not reply. Instead, Plaintiff moves to amend his complaint, be appointed pro-bono counsel, for discovery, and for summary judgment. Defendants filed a response to these motions, arguing that they should all be denied.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for permission to amend his complaint is DENIED.[6] The very terse motion provides no new information to be added to an amended complaint.

(2) Plaintiff's motion for appointed counsel is DENIED[7]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

---

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6](*See* Docket Entry # 39.)

[7](*See* Docket Entry # 40.)

(3) Plaintiff's motions for discovery are DENIED.[8]  Once Plaintiff responds appropriately to Defendants' summary-judgment motion as ordered by the Court, the Court will further evaluate the necessity for discovery and order discovery on its own if deemed necessary.

(4) Plaintiff's motion for summary judgment is DENIED.[9]  The motion is essentially duplicative of the remedy requested by the complaint.

(5) Plaintiff must show cause within thirty days why this case should not be dismissed because he failed to obey the Court's October 29, 2012 order to within thirty days reply to Defendants' summary-judgment motion.

DATED this 22nd day of January, 2013.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court

---

[8] (*See* Docket Entry #s 41 & 42.)

[9] (*See* Docket Entry # 43.)